Page v. Martuscello

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand fourteen.

PRESENT:
> **PIERRE N. LEVAL,**
> **GUIDO CALABRESI ,**
> **GERARD E. LYNCH,**
> *Circuit Judges.*

_____

Tyreek Page,

       *Petitioner-Appellant*,

    v.                                  13-1317

Daniel Martuscello, Jr.,

       *Respondent-Appellee*.

_____

**FOR PETITIONER-APPELLANT:**        Richard M. Greenberg, Office of the Appellate Defender, New York, NY.

**FOR RESPONDENT-APPELLEE:**       David M. Cohn, Assistant District Attorney (Eleanor J. Ostrow, *on the brief*), *for* Cyrus R. Vance, Jr., District Attorney, Office of the District Attorney, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Tyreek Page appeals from a March 18, 2013 district court judgment denying his petition for habeas corpus under 28 U.S.C. § 2254. Page challenges the validity of his New York state court conviction for second degree murder, attempted second degree murder, first degree assault, first degree criminal use of a firearm, second degree criminal possession of a weapon, and first degree reckless endangerment. Page was initially sentenced to consecutive prison sentences on various counts, aggregating to a term of 60 years to life; the sentence was reduced on appeal to 25 years to life. After an unsuccessful state court collateral challenge to his conviction, Page timely filed his petition in federal court, contending that his trial counsel had provided him with ineffective representation by failing to properly advise him of the merits of a plea offer. We assume familiarity with the underlying facts and procedural history of this case, and recount only those details directly relevant to this appeal.

We review a district court's denial of a section 2254 petition *de novo*. Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006). However, we defer to a district court's factual findings unless those findings are clearly erroneous. Amadeo v. Zant, 486 U.S. 214, 223 (1988). Additionally, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a state court has adjudicated a petitioner's claim on the merits, a federal court may grant habeas relief only if the state court's decision is either "(1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

2

Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Here, the district court concluded that Page's trial counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984). However, constrained by AEDPA's requirement that it defer to the state court's factual findings, the district court further held that state court reasonably concluded that counsel's deficient performance did not prejudice Page. Page testified that he would have accepted a plea resulting in a 12-year sentence had he understood his true sentencing exposure. The state trial court rejected Page's testimony as "self-serving" and "incredible," and concluded that Page "failed to establish a reasonable probability that but for [counsel's] alleged deficiencies, he would have entered a plea of guilty." J. App'x at 353. While we agree that Page's counsel provided deficient representation, we cannot reject the state court's conclusion that Page failed to establish that he was prejudiced by his counsel's errors.

Because AEDPA requires us to defer to such state court factual findings, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3